UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEE BROOKS PATTON, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL KORS STORES (CALIFORNIA), INC., <br><br> Defendant. | Case No.: 3:15-cv-02560-L-MDD <br><br> **ORDER DENYING MOTION TO REMAND [Doc. 10]** |

Pending before the Court is Plaintiff Ashlee Brooks Patton's Motion to Remand. The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **DENIES** Plaintiff's Motion.

//
//
//
//
//
//
//
//

1

## I. BACKGROUND

Plaintiff Ashlee Brooks Patton ("Plaintiff") is a former employee of Defendant Michael Kors Inc. ("Defendant"). For a period of forty six weeks, Plaintiff served as an assistant store manager for Defendant. (Compl. ¶ [Doc. 1-2].) During this time, Plaintiff alleges Defendant violated a number of Labor Code provisions as to her and other employees. Accordingly, Plaintiff filed a complaint in California Superior Court, County of San Diego, containing individual and Private Attorney General Act ("PAGA"), Cal. Lab. Code § 2699, claims alleging (1) failure to provide rest periods; (2) failure to provide meal periods; (3) failure to pay minimum wage; (4) failure to pay overtime; (5) failure to provide accurate wage statements; and (6) failure to provide timely compensation. (See Compl.) On November 13, 2015, Defendant removed to this Court, contending the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). (See Removal Notice [Doc. 1].) Plaintiff now moves to remand, asserting diversity jurisdiction is improper because the case does not satisfy the amount in controversy element of 28 U.S.C. § 1332. (See Mot. [Doc. 10].) Defendant opposes. (See Opp'n [Doc. 13].)

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong

presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

Diversity jurisdiction requires (1) complete diversity of citizenship between the parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. To determine whether the amount in controversy has been met on removal, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

### III. DISCUSSION

The dispositive issue presented by this motion is whether Plaintiff's individual claims suffice to meet the amount in controversy element of diversity jurisdiction. For the following reasons, the Court finds they do.

The Complaint includes a claim for unpaid overtime wages. (See Compl. ¶¶ 45–52.) Under Labor Code sections 510 and 1194 an employer's failure to compensate a non-exempt employee at one and a half times their hourly wage for any hours worked in excess of eight in one day or forty in one week renders the employer liable for the unpaid balance, interest, attorney fees, and court costs. Cal. Lab. Code §§ 510, 1194. Plaintiff alleges that "[d]uring the relevant time period, [Plaintiff] . . . regularly and/or consistently worked in excess of eight hours per day, in excess of forty hours per workweek, in excess of six days per workweek, and in excess of twelve hours per day." (Compl. ¶ 48.) The relevant time period is Plaintiff's forty six weeks of employment. Twelve hours of work a day, seven days a week, over a forty six week period amounts to 2,024 hours of

overtime.[1]  Plaintiff's overtime wage was $33 per hour.  Thus, according to the Complaint, Plaintiff has earned $66,792 in overtime wages.  Plaintiff alleges Defendant did not pay her for this overtime work.  (Compl. ¶ 49.)  Accordingly, the Court finds Plaintiff's overtime claim puts at least $66,792 in controversy.

The difference between $66,792 and $75,000 is more than accounted for by other portions of the Complaint.  In her Motion to Remand, Plaintiff herself concedes that her meal period, rest period, and wage statement claims combine to put $8,322 in controversy.  (Mot. 8:13–24; 9:15–28.)  Plaintiff's math does not overstate these amounts.  Under Labor Code section 226.7 and Industrial Welfare Commission Order No. 7-2001 sections 11 and 12, an employer must provide rest and meal periods to non-exempt employees who work, respectively, four and five hour periods.  Cal. Lab. Code § 512 (a); IWC Order §§ 11–12.  In lieu of providing these breaks an employer can elect to provide a premium payment equal to one hour's worth of wages.  Id.  Plaintiff seems to allege that, during her employment, she did not receive all rest periods, meal periods, or premium payments to which she was entitled.  (Compl. ¶¶ 8, 9, 29, 36.)  In her Motion to Remand, Plaintiff contends that her Complaint, when read in conjunction with the attached time records and earnings statements, suggests she is owed $6,072 in premium payments for two missed meal breaks and ten missed rest periods for each of the twenty three pay periods she worked.  Accordingly, the Court finds that the rest and meal period claims put at least $6,072 in controversy.

Under Labor Code section 226, an employer has a duty to provide wage statements during each pay period containing a number of statutorily required disclosures.  Cal. Lab. Code § 226(a).  An intentional or knowing failure to do so triggers employer liability to pay the employee a minimum of $50 for the initial violation and $100 for each subsequent violation up to a maximum of $4,000.  Cal. Lab. Code § 226(e)(1).  Here,

---

[1] (12 [hours worked a day] x 7 [days worked per week] = 84 hours per week; 84 − 40 = 44 hours of overtime per week; 44 x 46 [weeks worked] = 2,024 hours of overtime)

Plaintiff concedes that the Complaint suggests a total of twenty three violations of § 226(a).  (See Compl. ¶¶ 53–58; Mot. 9:15–28.)  Accordingly, the Court finds the wage statement claim puts at least $2,250 ($50 + $100 x 22) in controversy.

Adding together the overtime, rest period, meal period, and wage statement, the Court finds that, at a minimum, this case puts $75,114 in controversy.  Considering that Plaintiff's other individual claims and the attorney's fees for her individual claims would only increase that number, the Court finds the amount in controversy element is met.

### IV.   CONCLUSION AND ORDER

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand [Doc. 10] and **DENIES AS MOOT** Defendant's Motion to Supplement the Removal Notice [Doc. 20].

**IT IS SO ORDERED.**

Dated:  August 15, 2016

_____
Hon. M. James Lorenz
United States District Judge

CC: the Honorable Mitchell D. Dembin